

RECEIVED

MAR 29 2018

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA
BY_____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| UNITED STATES OF AMERICA | : | CRIMINAL NO. 3:18-cr-00085 |
|---|---|---|
| versus | : | 18 U.S.C. §§ 2, 241, 242 |
|  | : | 18 U.S.C. §§ 371, 1001 |
| RODERICK DOUGLAS (01) | : |  |
| CHRISTOPHER LORING (02) | : | JUDGE: Doughty |
| DEMARIO SHAFFER (03) | : |  |
| QUINTAIL CREDIT (04) | : |  |
| DAVID PARKER (05) | : | MAGISTRATE JUDGE: Hayes |

## INDICTMENT

**THE GRAND JURY CHARGES:**

AT ALL TIMES RELEVANT TO THIS INDICTMENT:

1)  The Richwood Correctional Center ("RCC"), located in Monroe, Louisiana, was a state prison overseen by the Louisiana Department of Public Safety and Corrections.

2)  The Defendants, RODERICK DOUGLAS, CHRISTOPHER LORING, DEMARIO SHAFFER, QUINTAIL CREDIT, and DAVID PARKER, were sworn correctional officials and were employed by RCC on October 30, 2016.

3)  Defendant RODERICK DOUGLAS was a captain at RCC; Defendant CHRISTOPHER LORING was a lieutenant at RCC; Defendant DEMARIO SHAFFER was a sergeant at RCC; and Defendants QUINTAIL CREDIT and DAVID PARKER were correctional officers (C.O.) at RCC.

4)  RCC had several hallways, designated by letters, which led to offices, the booking area, the medical hallway, and the units where the inmates were held.

Attached to the "B" Hall was an interlock, an area with four doors leading to "B" Hall, the booking area/medical hallway, the work release area, and the commissary. This interlock did not have video surveillance cameras, and was sometimes referred to as "the white house."

5) Inmates S.S., D.W., J.K., A.C., and J.V. were prisoners housed at RCC.

6) Each of these allegations is hereby referenced and incorporated into each count of this Indictment.

## COUNT ONE

On or about October 30, 2016, in the Western District of Louisiana, Defendants RODERICK DOUGLAS, CHRISTOPHER LORING, DEMARIO SHAFFER, QUINTAIL CREDIT, and DAVID PARKER, along with others known and unknown to the grand jury, willfully combined, conspired, and agreed with one another and with co-conspirators known and unknown to the grand jury that they would, while acting under color of law, injure, oppress, threaten, and intimidate Inmates S.S., D.W., J.K., A.C., and J.V., housed at the RCC, in their free exercise and enjoyment of the right, secured and protected by the Constitution of the United States, not to be subjected to cruel and unusual punishment by one acting under color of law.

### Manner and Means of the Conspiracy

It was part of the manner and means of the conspiracy that the defendants

2

would unjustifiably assault Inmates S.S., D.W., J.K., A.C., and J.V., by spraying chemical agent into the eyes and faces of the inmates, while the inmates were kneeling on the floor, in an area of the jail with no surveillance cameras, and while the inmates were handcuffed, compliant, not posing a physical threat to anyone, and not evading or struggling with any officer, all in violation of Title 18, United States Code, Section 241. [18 U.S.C. § 241].

## COUNT TWO

Defendants RODERICK DOUGLAS, DEMARIO SHAFFER, QUINTAIL CREDIT, and DAVID PARKER, along with others known and unknown to the grand jury, all acting under color of law and aiding and abetting one another, willfully deprived Inmates S.S., D.W., J.K., A.C., and J.V., of the right, secured and protected by the Constitution and laws of the United States, not to be subjected to cruel and unusual punishment by one acting under color of law. Specifically, the defendants sprayed chemical agent into the eyes and face of Inmates S.S., D.W., J.K., A.C., and J.V., while the inmates were handcuffed, compliant, kneeling on the floor, not posing a physical threat to anyone, and not evading or struggling with any officer. This offense resulted in bodily injury to Inmates S.S., D.W., J.K., A.C., and J.V., and involved the use of a dangerous weapon, namely, chemical agent spray, all in violation of Title 18, United States Code, Sections 242 and 2. [18 U.S.C. §§ 242 and 2].

## COUNT THREE

On or about October 30, 2016, in the Western District of Louisiana, Defendant CHRISTOPHER LORING, while acting under color of law, willfully deprived Inmates S.S., D.W., J.K., A.C., and J.V. of the right, secured and protected by the Constitution and laws of the United States, not to be subjected to cruel and unusual punishment by one acting under color of law. Specifically, Defendant CHRISTOPHER LORING stood by while Defendants Roderick Douglas, Demario Shaffer, Quintail Credit and David Parker and others known and unknown to the grand jury, aiding and abetting one another, sprayed chemical agent in the eyes and faces of Inmates S.S., D.W., J.K., A.C., and J.V., while the inmates were handcuffed, compliant, kneeling on the floor, not posing a physical threat to anyone, and not evading or struggling with any officer, and Defendant CHRISTOPHER LORING willfully failed to intervene, despite having the opportunity to do so. This offense resulted in bodily injury to Inmates S.S., D.W., J.K., A.C., and J.V., and involved the use of a dangerous weapon, namely, chemical agent spray, all in violation of Title 18, United States Code, Section 242. [18 U.S.C. § 242].

## COUNT FOUR

On or about October 30, 2016, in the Western District of Louisiana, Defendants RODERICK DOUGLAS, CHRISTOPHER LORING, DEMARIO SHAFFER, QUINTAIL CREDIT, and DAVID PARKER knowingly and willfully

combined, conspired, and agreed with one another and with other co-conspirators known and unknown to the grand jury, to obstruct justice, in violation of 18 U.S.C. § 1519, by knowingly falsifying and making a false entry in a record and document with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within federal jurisdiction.

## Manner and Means of the Conspiracy

1) It was the plan and purpose of the conspiracy for the Defendants and their co-conspirators to cover up the unjustified chemical agent sprayings of Inmates S.S., D.W., J.K., A.C., and J.V., as charged in Counts One through Three of this Indictment, by preparing and filing reports documenting a false cover story about the incident.

## Overt Acts Committed in Furtherance of the Conspiracy

2) In furtherance of this conspiracy and to effect the objects thereof, members of the conspiracy committed the following overt acts, among others, in the Western District of Louisiana:

a) On or about October 30, 2016, Defendant RODERICK DOUGLAS instructed Defendant CHRISTOPHER LORING and co-conspirator D.R. that Defendant RODERICK DOUGLAS wanted all of the defendants and co-conspirators to use the same false cover story in their Unusual Occurrence Reports to explain why Inmates S.S., D.W., J.K., A.C., and J.V., required medical treatment for a chemical agent spray.

5

b) Defendants RODERICK DOUGLAS, CHRISTOPHER LORING, DEMARIO SHAFFER, QUINTAIL CREDIT, DAVID PARKER, and co-conspirator D.R. each signed and submitted RCC Unusual Occurrence Reports documenting the false cover story.

c) Specifically, Defendants RODERICK DOUGLAS, DEMARIO SHAFFER, QUINTAIL CREDIT, DAVID PARKER, and co-conspirator D.R. each submitted reports falsely stating that Inmate D.W. "jerked away" from Defendant RODERICK DOUGLAS, Defendant RODERICK DOUGLAS "administered chemical agents" to the facial area of Inmate D.W., and the other inmates in the area were "affected by the chemical agent."

d) Defendant CHRISTOPHER LORING submitted a report falsely stating that Inmate D.W. "snatched away" from Defendant RODERICK DOUGLAS, Defendant RODERICK DOUGLAS "administered chemical agents" to the facial area of Inmate D.W., and the other inmates in the area were "affected by the spray."

e) The reports signed and submitted by Defendants RODERICK DOUGLAS, CHRISTOPHER LORING, DEMARIO SHAFFER, QUINTAIL CREDIT, and DAVID PARKER were false because as the defendants then well knew, when Defendant DOUGLAS administered the chemical agent against Inmate D.W., Inmate D.W. was handcuffed, compliant, kneeling on

the floor, not posing a physical threat to anyone, and not evading or struggling with any officer.

f) The reports signed and submitted by Defendants RODERICK DOUGLAS, CHRISTOPHER LORING, DEMARIO SHAFFER, QUINTAIL CREDIT, and DAVID PARKER also all made the material omission that RODERICK DOUGLAS, CHRISTOPHER LORING, DEMARIO SHAFFER, QUINTAIL CREDIT, and DAVID PARKER, aiding and abetting one another, sprayed chemical agent into the eyes and face of Inmates S.S., J.K., A.C., and J.V., when the inmates were handcuffed, compliant, kneeling on the floor, not posing a physical threat to anyone, and not evading or struggling with any officer, all in violation of Title 18, United States Code, Section 371. [18 U.S.C. § 371].

## COUNT FIVE

On or about July 14, 2017, in the Western District of Louisiana, Defendant CHRISTOPHER LORING knowingly and willfully made a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the FBI, an agency of the Executive Branch of the government of the United States. Specifically, Defendant CHRISTOPHER LORING falsely told Special Agents of the FBI that on October 30, 2016, Defendant RODERICK DOUGLAS sprayed chemical agent at Inmate D.W. after Inmate D.W. pulled away from Defendant RODERICK DOUGLAS during an escort to the booking

area for questioning. In truth and in fact, as Defendant CHRISTOPHER LORING well knew, when Inmate D.W. was sprayed with chemical spray, he was handcuffed, compliant, kneeling on the floor, not posing a physical threat to anyone, and not evading or struggling with any officer, all in violation of Title 18, United States Code, Section 1001. [18 U.S.C. § 1001].

## COUNT SIX

On or about July 21, 2017, in the Western District of Louisiana, Defendant DEMARIO SHAFFER, knowingly and willfully made a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the FBI, an agency of the Executive Branch of the government of the United States. Specifically, Defendant DEMARIO SHAFFER falsely told Special Agents of the FBI that on October 30, 2016, Defendant RODERICK DOUGLAS sprayed chemical agent at Inmate D.W. after Inmate D.W. pulled away from Defendant RODERICK DOUGLAS during an escort to the booking area for questioning. In truth and in fact, as Defendant DEMARIO SHAFFER well knew, when Inmate D.W. was sprayed with chemical spray, he was handcuffed, compliant, kneeling on the floor, not posing a physical threat to anyone, and not evading or struggling with any officer, all in violation of Title 18, United States Code, Section 1001. [18 U.S.C. § 1001].

## COUNT SEVEN

On or about October 5, 2017, in the Western District of Louisiana,

Defendant DAVID PARKER, knowingly and willfully made a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the FBI, an agency of the Executive Branch of the government of the United States. Specifically, Defendant DAVID PARKER falsely told Special Agents of the FBI that on October 30, 2016, Defendant DAVID PARKER was not present when any officers sprayed chemical agent on the inmates. In truth and in fact, as Defendant DAVID PARKER well knew, Defendant DAVID PARKER was present when multiple officers sprayed chemical agent directly into the eyes and face of the inmates, while the inmates were handcuffed, compliant, kneeling on the floor, not posing a physical threat to anyone, and not evading or struggling with any officer, all in violation of Title 18, United States Code, Section 1001. [18 U.S.C. § 1001].

A TRUE BILL

**REDACTED**

GRAND JURY FOREPERSON

ALEXANDER C. VAN HOOK
United States Attorney

By: *Mary J. Mudrick*
MARY J. MUDRICK
LA Bar # 01992
Assistant United States Attorney
300 Fannin Street, Suite 3201
Shreveport, Louisiana 71101
Telephone: (318) 676-3600

JOHN S. GORE
Acting Assistant Attorney General
U.S. Department of Justice
Civil Rights Division

By: *Anita Channapati*
ANITA T. CHANNAPATI
NY Bar # 4060299
Trial Attorney
950 Pennsylvania Ave., NW
Washington, DC 20530
Telephone: (202) 353-1219